**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Brose ROBERTS, Defendant—Appellant.**

No. 08–10124.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2009.

Filed May 12, 2009.

Andrew Duncan, Assistant U.S., USLV–Office of the U.S. Attorney, Las Vegas, NV, Elizabeth A. Olson, Esquire, Assistant U.S., U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Jason F. Carr, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: SCHROEDER, CANBY and HAWKINS, Circuit Judges.

## MEMORANDUM *

Brose Roberts appeals the district court's denial of his motion to suppress evidence, namely a pistol. He argues that his Fourth Amendment rights were violated when Las Vegas Police Officer Virginia Griffin detained and frisked him without reasonable suspicion, as required under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

█ Regardless of the point at which Roberts was detained, we affirm because Officer Griffin had reasonable suspicion to support a detention from the inception of the encounter. Roberts' demeanor and the previous non-emergency phone call to the police regarding suspicious activity created reasonable suspicion that a crime had occurred or was about to occur. The third-party report had the indicia of reliability required under *United States v. Terry–Crespo,* 356 F.3d 1170, 1174 (9th Cir. 2004). The caller identified himself, provided his phone number and address, and gave details on suspicious activity that he was observing. Moreover, some of what Officer Griffin observed corroborated the report. Roberts immediately displayed a reluctance to talk with Officer Griffin. The fact that Roberts was alone and not dressed to match the caller's description did not destroy reasonable suspicion, be-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cause Officer Griffin knew that only some—not necessarily all—of the individuals were dressed as the caller had described. She also did not know whether some of those individuals remained nearby—a reasonable question because she arrived on the scene within a few minutes of the report. Additional factors also supported Officer Griffin's reasonable suspicion that Roberts was involved in a crime. She knew that the occupants of the house near the car had a reputation for engaging in drug sales and prostitution, and that police had recovered many stolen vehicles in the area. These facts provided Officer Griffin with reasonable suspicion to detain Roberts.

The frisk was also supported by reasonable suspicion. *See Arizona v. Johnson*, —— U.S. ——, 129 S.Ct. 781, 784, 172 L.Ed.2d 694 (2009) ("[P]olice must harbor reasonable suspicion that [a detained] person subjected to [a] frisk is armed and dangerous."). Roberts had expressed concern over being searched even before Officer Griffin had said anything about searching him, indicating, in her experience, a possibility that Roberts possessed something illegal. The suspicion that this "something illegal" might be a gun intensified when Roberts continued to reach back into his jacket pocket multiple times, and when he held up his hand and took an aggressive stance in response to her statement that she was going to frisk him for weapons. The district court correctly concluded that there was reasonable suspicion that Roberts possessed a weapon and was dangerous.

The judgment of the district court is

**AFFIRMED.**